FILED
United States Court of Appeals
Tenth Circuit

December 20, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SHAWN CHEEVER,

     Defendant - Appellant.

No. 16-1303
(D.C. No. 1:15-CR-00031-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Shawn Cheever pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The presentence report recommended that he be subject to the enhanced sentencing provision of § 2252A(b)(2) because he had previously been convicted of an offense "relating to . . . possession . . . of child pornography." Id. Cheever had a prior Colorado state conviction for sexual exploitation of a child in violation of Colo. Rev. Stat. § 18-6-403(b.5). He objected to the enhancement, but the district court overruled his objection. Cheever was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to ten years' imprisonment, the statutory minimum under § 2252A(b)(2). He timely appealed.

On appeal, Cheever concedes that his sole argument—that a Colorado conviction for sexual exploitation of a child does not qualify as an offense relating to possession of child pornography under § 2252A(b)(2)—is foreclosed by circuit precedent. In United States v. Bennett, 823 F.3d 1316 (10th Cir. 2016), we held that the defendant's "prior Colorado misdemeanor conviction for sexual exploitation of a child 'relates to' child pornography, and he is therefore eligible for the mandatory minimum." Id. at 1318. But see id. at 1327 (Hartz, J., concurring in part and dissenting in part) (stating that because "the definition of child pornography in the Colorado statute is broader than the definition of the term in the federal enhancement statute . . . I would hold that the Colorado statute" does not qualify). "We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." United States v. Killion, 7 F.3d 927, 930 (10th Cir. 1993) (italics omitted).

Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

2